ALD-013                                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2915
_____

DASHAWN M. BURTON,
                                                        Appellant

v.

JEFFREY KINDLE, Inmate; KENNY SMITH, Correctional Officer;
MICHAEL DELOY, Warden
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 10-0172)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 21, 2010
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed: 11/10/2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Pro se appellant Dashawn Burton, a pretrial detainee at Sussex Correctional

Institution, appeals the District Court's dismissal of his complaint under 28 U.S.C. §§

1915(e) and 1915A(b).  We have jurisdiction under 28 U.S.C. § 1291 and exercise

plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). For the reasons detailed below, we will uphold the District Court's dismissal of Burton's complaint for failure to state a claim.

Because we write for the parties, we will forgo a lengthy recitation of the facts. In his complaint, Burton claimed that Kenny Smith, a correctional officer at Sussex, "opened [Burton's] cell door for Jeffrey Kindle [a fellow inmate] to enter [Burton's] room and attack [him] with a master lock inside of a sock." Compl. at 4. Burton alleged that in this attack he sustained injuries to his face and body, and subsequently experienced lingering headaches.

After filing an unsuccessful grievance with Sussex, Burton initiated this federal action. Burton named Kindle, Smith, and Michael Deloy, the warden of Sussex, as defendants, and requested compensation for his pain and suffering, protection from dangerous inmates, and transfer to another facility. He also sought leave to proceed in forma pauperis.

The District Court granted Burton's in forma pauperis motion, but then dismissed the complaint sua sponte pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b). The Court held that Burton could not state a claim under 42 U.S.C. § 1983 against Kindle, because he failed to allege that Kindle was a state actor, or against Deloy, because he did not allege that Deloy was personally involved in the alleged misconduct. Finally, the Court held that Burton had, at most, alleged that Smith's conduct was negligent, which was not sufficient to sustain a § 1983 claim. The Court concluded that any amendment would be

2

futile and thus dismissed the complaint without providing leave to amend.

We agree with the District Court's determination that Burton's complaint fails to state a claim against any of the three appellees. A § 1983 claim has two essential elements: (1) the conduct complained of must be "committed by a person acting under color of state law"; and (2) this conduct must "deprive[] a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (internal quotation marks omitted). Kindle, a fellow prisoner, is a private party. While a private party can qualify as a state actor when there "is a sufficiently close nexus" between the state and the private party's conduct, id., Burton has alleged no such connection here. Burton has thus not stated a viable claim against Kindle.

We similarly see no error in the District Court's conclusion that Burton's allegations failed to state a claim against Deloy. We have consistently held that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Burton has not claimed that Deloy was personally involved in the attack that forms the basis of his complaint; he seems to have named Deloy solely based on Deloy's position as warden at Sussex. This claim therefore also fails.

Finally, we agree that Burton has failed to state a claim against Smith. As did the District Court, we construe Burton's claim as alleging that Smith failed to protect him

3

from Kindle's attack. We have long recognized the legal viability of such claims. See, e.g., Davidson v. O'Lone, 752 F.2d 817, 821 (3d Cir. 1984) (en banc). Typically, prisoners raise these claims under the Eighth Amendment's Cruel and Unusual Punishments Clause. See, e.g., Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997). In these circumstances, the legal framework is clear: to establish a failure-to-protect claim, inmates must demonstrate that (1) they are "incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official acted with "deliberate indifference" to their health and safety. Farmer v. Brennan, 511 U.S. 824, 834 (1994).

However, Burton is situated differently from the parties who brought the above-cited cases: Burton is a pretrial detainee as opposed to a convicted-and-sentenced prisoner. As a pretrial detainee, Burton's challenges to the conditions of his confinement must be prosecuted under the Due Process Clause of the Fourteenth Amendment, as opposed to the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-36 (1979). Under the Due Process Clause, "the proper inquiry is whether [the challenged] conditions amount to punishment of the detainee." Id. at 535. Thus, sentenced prisoners are protected from only punishment that is "cruel and unusual," while pretrial detainees are protected from any punishment. See Hubbard v. Taylor, 399 F.3d 150, 166-67 (3d Cir. 2005).

While we have not previously addressed the standard governing a pretrial detainee's failure-to-protect claim, we have stated in dicta that the state of mind requirement for prisoners' claims — "deliberate indifference" — applies also to pretrial

4

detainees' claims.  See Colburn v. Upper Darby Twp., 946 F.2d 1017, 1024 (3d Cir. 1991).  It is well established that merely negligent misconduct will not give rise to a claim under § 1983; the state defendant must act with a higher degree of intent.  See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.").  In assessing where on the state-of-mind continuum misconduct must fall to establish a § 1983 claim, we have settled on "deliberate indifference" both in cases involving prisoners, see, e.g., Hamilton, 117 F.3d at 746 (failure to protect), and pretrial detainees, see Colburn, 946 F.2d at 1024 (detainee suicide).  We have similarly adopted that standard when addressing, through a due process prism, a sentenced prisoner's failure-to-protect claim.  See Davidson, 752 F.2d at 828.  We discern no basis to apply a different standard here.

This standard is consistent with the dictates of Bell.  There, the Supreme Court emphasized that pretrial detainees must be free from "punishment."  441 U.S. at 537.  As the Supreme Court has since stressed, "[i]f the pain inflicted is not formally meted out as punishment by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify."  Wilson v. Seiter, 501 U.S. 294, 300 (1991); see also id. (explaining that "if a guard accidentally stepped on a prisoner's toe and broke it, this would not be punishment in anything remotely like the accepted meaning of the word" (internal alterations, quotation marks omitted)).  The Court in Bell did not explicate the requisite mental element, presumably because the challenged

5

actions — for instance, the correctional facility's replacing the single bunks in many cells with double bunks — were unquestionably performed intentionally.[1] However, in cases like this one, where pretrial detainees attack not the "general conditions, practices, rules, or restrictions of pretrial confinement," but instead "a jail official's episodic acts or omissions," Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc), the official's mental state requires further consideration.

Accordingly, we conclude that a pretrial detainee presenting a failure-to-protect claim must plead that the prison official acted with deliberate indifference to the detainee's health or safety. This conclusion is consistent with the holdings of numerous of our sister circuits. See, e.g., Caiozzo v. Koreman, 581 F.3d 63, 71 (2d Cir. 2009); Tesch v. County of Green Lake, 157 F.3d 465, 475 (7th Cir. 1998); Hare, 74 F.3d at 645. Here, Burton has failed to allege that Smith behaved with deliberate indifference in unlocking Burton's cell. The complaint sets forth no facts to suggest that Smith knew that Kindle would attack Burton. Therefore, Burton has failed to plead a cognizable claim under § 1983.[2]

---

[1] The Court provided a standard to assess whether a prison official intended for a condition to serve as punishment, see Bell, 441 U.S. at 538-39, but this question is separate from the preliminary issue of whether the official actually intended to impose that condition.

[2] Like the District Court, we do not read Burton's statements about his medical treatment or his stay in detention as alleging different claims than those addressed above.

For the reasons given, we perceive no error in the District Court's conclusion that Burton failed to state a viable claim. We will affirm the judgment of the District Court.